*E-Filed 6/28/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN-PAUL WOODRUFF,

    Plaintiff,

    v.

LINDA ALTAFI, et al.,

    Defendants.

                                      /

No. C 10-0137 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff seeks to file criminal charges against various federal actors, including several federal judges, for acts allegedly taken in 1993.  Plaintiff's complaint is DISMISSED with prejudice for the following two reasons.  First, plaintiff does not have the power to file criminal charges.  The federal court does not determine whether criminal charges should be pressed against individuals; that is a matter for the local or federal prosecutor.  Plaintiff should contact the local or federal prosecutors if he wants to file a criminal complaint against defendants.  Second, the alleged events occurred in 1993, well past the two-year statute of limitations filing period.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

//

//

//

**CONCLUSION**

The complaint is DISMISSED with prejudice. Plaintiff's motion to serve the complaint and serve summons (Docket No. 9) is DENIED.

The Clerk shall enter judgment in favor of defendants, terminate the pending motions and close the file.

This order terminates Docket No. 9.

**IT IS SO ORDERED**.

DATED: June 28, 2010

RICHARD SEEBORG
United States District Judge